# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00793-CV

---

**B. A. B., Appellant**

v.

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 340TH DISTRICT COURT OF TOM GREEN COUNTY
NO. C180096CPS, THE HONORABLE GARY L. BANKS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant B.A.B. (the father) appeals from the district court's order terminating his parental rights to his approximately one-year-old son, J.I.D.F. (the child). The district court terminated the father's parental rights following a bench trial. We will affirm the district court's order of termination.

The case began in September 2018 when the child tested positive after birth for cocaine. The child's mother admitted to using crack cocaine before the child's birth, and the father admitted that he used cocaine and methamphetamines. Based on the child's test results and the parents' admissions, the Texas Department of Family and Protective Services (the Department) filed this suit for protection of the child.[1]

---

[1] The suit was brought against both parents. However, during trial, the mother voluntarily relinquished her parental rights to the child and is not a party to this appeal.

While the case was ongoing, the father was required to participate in random drug testing as part of his Family Service Plan. The father took three drug tests but missed others. On the first and second tests that he took, in September and November 2018, the father tested positive for a "very high" amount of methamphetamines, indicating "daily usage," and also tested positive for other drugs, including amphetamines and cocaine. On the third test, taken in December 2018, the father tested positive again for methamphetamines and amphetamines, but at significantly lower amounts, and he did not test positive for cocaine.

The father had a criminal history dating back to 2009, including prior felony convictions for the offenses of theft and possession of a controlled substance. At the beginning of the case, the father was on community supervision for the offense of possession of a controlled substance, cocaine, in an amount less than one gram. In February 2019, the father's community supervision was revoked and he was sentenced to two years' imprisonment. The father was bench-warranted during the August 2019 termination trial and testified that he had not used drugs while he was in prison. He also testified that his projected parole date was October 22, 2019, and that he would be released to a halfway house. He acknowledged that this would not be an appropriate environment for a child. The father also conceded that he had not complied with all the terms of his Family Service Plan prior to his incarceration, although he had completed some requirements, including taking a psychological evaluation and remaining employed.

A Department caseworker expressed skepticism regarding the father's ability to stay off drugs. She explained, "[H]e's in a controlled environment right now, and it's next to impossible for him to use any illegal substances, but it doesn't demonstrate what he can do outside of a controlled setting." The caseworker also noted that because the father was

2

incarcerated and would be released to a halfway house upon parole, "he has no home for [the child] to go to." The child's guardian ad litem provided similar testimony indicating that she did not believe the father could provide a safe environment for the child, based on the father's drug use and criminal history.

The child's current placement is with T.H., the mother's cousin. The child's guardian ad litem testified that the child is doing "fantastic" in this placement. She explained, "He's loved. He's safe. He's happy. He's growing." The Department's plan was for the child to be adopted by T.H. and her husband. T.H. testified that she planned to adopt the child and that her family "love[s] having him" in their home.

At the conclusion of trial, the district court found that termination of the father's parental rights was in the best interest of the child and that the father had: (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child; (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child; (3) constructively abandoned the child who has been in the temporary managing conservatorship of the Department of Family and Protective Services for not less than six months; and (4) failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the child. *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (N), (O), (2). This appeal followed.

The father's court-appointed counsel on appeal has filed an *Anders* brief, concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an

3

important balance between the defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied). The father's counsel has certified to this Court that she has provided the father with a copy of the *Anders* brief and informed him of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Taylor*, 160 S.W.3d at 647. We have reviewed the entire record, including the *Anders* brief submitted on the father's behalf. We have found nothing in the record that might arguably support an appeal, and we agree with counsel that the appeal is frivolous. Accordingly, we affirm the district court's order terminating the father's parental rights.[2]

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Baker and Triana

Affirmed

Filed: March 25, 2020

_____

[2] Counsel's obligation to the father has not yet been discharged. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). If the father, after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id*. at 27-28.